By the Court-.—Ingraham, J.
The complaint alleged facts sufficient to constitute a cause of action for false imprisonment. The counsel for plaintiff stated at the commencement of the trial, that the complaint only alleged one cause of action, to wit; for a false imprisonment, and the case was tried throughout as such an action. For the purpose of this appeal, therefore, the cause of action must be considered as an action for false imprisonment.
The complaint alleges that plaintiff was arrested and imprisoned on a charge made by David Dessau, who acted on his own behalf and on behalf and at the. request and instigation of Simon Dessau.
*80 There was absolutely no evidence to sustain the charge against Simon Dessau. Plaintiff testified that Simon was in the room when she entered. This was contradicted by. every other witness in the case, and I am inclined to think, on the whole evidence, if the verdict as against Simon Dessau depended upon his presence in the room at the time the plaintiff called, it should be set aside as against the weight of evidence.
But assuming that the plaintiff’s story was not so clearly disproved as to justify a reversal of the judgment as against the weight of evidence, there was no evidence to sustain a finding, that Simon instigated or requested the plaintiff’s arrest. According to her testimony Simon said not a word tha.t was heard during the time plaintiff was in the office. The direction to get an officer was given by David. When the officer came David made the charge, and said to the officer, “ I want you to arrest that woman for blackmail. She has come here to extort money from me and I don’t owe her any money. I don’t know her; she is a-stranger ; ” and David accompanied the officer and the plaintiff to a station house, and then renewed the charge to the sergeant.
The only act of Simon, testified to, was that he said a few words to David before the officer was sent for which plaintiff did not hear. Plaintiff was not arrested on a charge of any offence against Simon; he said nothing to the officer, nor to any one, about the charge ; did not go to the station house ; had nothing to do with the imprisonment. He was in the room; heard his father make a charge to the officer that plaintiff had committed an offence against his father and saw them walk off. There was nothing but the merest suspicion that there was' something said about the arrest in the few words that Simon spoke to his father which were not heard. So far as appears, Simon might just as well have advised his father not to make the charge as to make it; and that, upon such *81 evidence, the jury should have found a verdict against Simon, satisfies me that in some way they misconceived their duty.
For the defence the defendants,- the police officer and several other apparently disinterested witnesses, positively swear that Simon was not in the office with the plaintiff at all, but was in an adjoining office, and had no conversation with his father at the time.
The court in submitting the case to the jury stated that the plaintiff’s claim was, that the defendants, David and Simon Dessau, wrongfully, unlawfully and maliciously concerted and conspired together and caused plaintiff’s arrest and imprisonment, and instructed the jury that if from all the circumstances they came to the conclusion that Simon Dessau was a party to the arrest and had conspired with David Dessau that the verdict should be against both defendants. The defendants excepted to this charge as to Simon Dessau being a party to the conspiracy. There was nothing said as to what the jury should do if they found there was no conspiracy, or under what circumstances David Dessau would then be held liable. The error, therefore, in refusing to dismiss the complaint as to Simon Dessau and submitting the case to the jury as one for a conspiracy between the defendants, as to which there was not a particle of evidence, was an error that affected both defendants, for it might well be, that if the jury had been instructed that there was no evidence of a conspiracy they would not have found the express malice which was necessary to justify the allowance of punitive damages, and the amount of the verdict shows that the jury must have awarded punitive damages as it is beyond any reasonable allowance for compensation.
This error was further emphasized by the ruling of the court upon several requests to charge, and considering that the verdict under the charge could only have been based upon a finding of a conspiracy *82 which was without evidence to support it. The size of the verdict in face of the fact that the arrest of the plaintiff was made because of an attempt to collect a claim from one of the defendants by a threat to publish a statement against him in a newspaper, which would have been a felony if the threat had been in writing, and that plaintiff was convicted of disorderly conduct which would have justified the arrest, if a warrant had been obtained. It would appear that the jury intended to punish the defendant Simon Dessau, for the prior conduct rather than to redress the wrong done the plaintiff, and that justice requires that there should be a new trial.
Judgment reversed and a new trial ordered, with costs to abide the event.
Freedman, J., concurred.